Filed 8/4/26  Srivastava v. BMW of North America CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ABHISHEK SRIVASTAVA, Plaintiff and Respondent, v. BMW OF NORTH AMERICA, LLC, Defendant and Appellant. | H052938 (Santa Clara County Super. Ct. No. 24CV439572) |

Defendant BMW of North America, LLC appeals from an order denying its motion to compel arbitration of plaintiff's causes of action brought under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.).  For the reasons we will explain, we will reverse the order and remand with instructions to determine whether the arbitration agreement's delegation clause is unconscionable.

## I.    BACKGROUND

We derive the following factual summary from the complaint.  Plaintiff leased a new 2024 BMW iX xDrive50 from BMW of Fremont in July 2023.  Plaintiff alleges the vehicle was retailed in unmerchantable condition including charging problems, difficulty starting the vehicle, and problems posing the risk and an actual occurrence of a "thermal event and/or fire."  The dealership and authorized repair facilities were unable to repair the vehicle and it remains inoperable.

Plaintiff signed a lease agreement with an arbitration provision that begins in bold print:  "**You agree that the provisions contained in this Arbitration Provision are**

**part of the Lease.  You acknowledge you read this Arbitration Agreement carefully before you signed the Lease.**"  After defining the terms "we" and "us" to include defendant BMW of North America, LLC by name, the provision continues:  "Either you or we may elect to have any dispute(s) resolved by binding arbitration according to this Arbitration Provision."  The term "dispute" is then broadly defined to include "any current or future claim or controversy, whether in contract, tort, statute or otherwise, arising out of or related to the Lease[;] … your relationship with us; the purchase or condition of the Vehicle; the Vehicle's warranty(ies); your possession and operation of the Vehicle; and the interpretation, enforceability and scope of this Arbitration Provision, except for the Class Action Waiver."  With respect to available remedies, the provision states that "Except as otherwise provided by this Arbitration Provision, the arbitrator may award any party any remedy to which that party is entitled under applicable law."[1]

Notwithstanding the lease's arbitration provision, plaintiff sued defendant in Santa Clara County Superior Court for causes of action under the Song-Beverly Consumer Warranty Act,[2] including:  (1) breach of the implied warranty of merchantability (Civ. Code, §§ 1794, 1792, 1791.1); (2) failure to promptly repurchase or replace the vehicle (Civ. Code, § 1794); (3) failure to commence repairs within a reasonable time and to complete the repairs within 30 days (Civ. Code, § 1794); (4) violation of Civil Code section 1793.2, subdivision (a)(3) [requiring manufacturer to "Make available to

---

[1]  The primary exception is the provision that the parties will "resolve any dispute in arbitration on an individual basis only, and not on a class, collective or representative basis.  The [a]rbitrator may only consider claims on an individual basis and may not award declaratory, injunctive or other relief for the benefit of the general public or other non-parties to the arbitration."  (Boldface omitted.)

[2]  The Song-Beverly Consumer Warranty Act was enacted to address the difficulties faced by purchasers of consumer goods by requiring specified implied warranties, placing strict limitations on how and when a manufacturer may disclaim those implied warranties, and providing mechanisms to ensure that manufacturers honor the terms of any express warranty. (*Mega RV Corp. v. HWH Corp.* (2014) 225 Cal.App.4th 1318.)

authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period"]; and (5) breach of express warranty.[3]

Defendant moved to compel arbitration, asserting standing to enforce the arbitration provision as a named third party beneficiary and under the doctrine of equitable estoppel. Defendant also argued that the arbitration provision delegated the threshold arbitrability issue (i.e., whether the arbitration agreement covers plaintiff's claims) to the arbitrator. Plaintiff opposed the motion on the grounds that equitable estoppel did not apply and that any third party beneficiary status was irrelevant because the arbitration provision was unconscionable and therefore unenforceable.

The trial court denied the motion to compel arbitration, rejecting defendant's equitable estoppel argument based on the reasoning of *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324 (*Ochoa*).[4] The trial court also rejected defendant's third party beneficiary theory, ruling that under *Ochoa*, defendant could not be a third party beneficiary to the lease agreement as a matter of law because plaintiff's claims arose from defendant's statutory warranty obligations under the Song-Beverly Consumer Warranty Act and not from the lease agreement. The trial court concluded that because it found no arbitration agreement between plaintiff and defendant, it did not need to address

---

[3] Plaintiff also asserted a cause of action against BMW of Mountain View for negligent repair of the vehicle. Neither BMW of Fremont (from whom plaintiff leased the vehicle) nor BMW of Mountain View is a party to this appeal.

[4] While defendant's appeal was pending, the California Supreme Court issued its decision in *Ford Motor Warranty Cases* (2025) 17 Cal.5th 1122 (*Ford Motor Warranty Cases*), holding that car manufacturers cannot rely upon the equitable estoppel doctrine to compel arbitration of a car buyer's causes of action under the Song-Beverly Consumer Warranty Act when the manufacturer is not a party to the buyer's sales contract that contains an arbitration provision. (*Id*. at p. 1126.) Defendant has withdrawn its equitable estoppel argument on appeal with the acknowledgment that it is now foreclosed by *Ford Motor Warranty Cases*.

issues of unconscionability and delegation.  Defendant timely appealed.  (See Code Civ. Proc., § 1294, subd. (a).)

## II.   DISCUSSION

The principal issue in this case is whether the dispute presented in the complaint is governed by the lease agreement's arbitration provision.  Because no conflicting extrinsic evidence was presented in the trial court concerning the interpretation of the arbitration clause, we review the trial court's denial of defendant's motion to compel arbitration de novo.  (*Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1670.)

The Federal Arbitration Act (9 U.S.C. § 1 et seq.) governs contractual arbitration in written contracts involving interstate or foreign commerce, as well as when the parties agree that the Act shall govern their agreement.  (See *Tuufuli v. West Coast Dental Administrative Services, LLC* (2026) 117 Cal.App.5th 1048, 1054, review granted Mar. 25, 2026, S295323.)  The arbitration provision here states that it is governed by the Federal Arbitration Act and therefore it controls our interpretation of the agreement.  (See *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1121–1122.)  The Federal Arbitration Act requires that courts enforce arbitration agreements according to their terms.  (*Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 478.)  The Act requires courts to enforce contractual arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract."  (9 U.S.C. § 2; *Epic Systems Corp. v. Lewis* (2018) 584 U.S. 497, 507.)  The Act reflects both a federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract.  (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339.)

In determining the rights of parties to enforce an arbitration agreement within the Federal Arbitration Act's scope, we apply state contract law while giving due regard to the federal policy favoring arbitration.  (See *Ford Motor Warranty Cases*, *supra*, 17 Cal.5th at p. 1128; *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.)  Arbitration is a matter of agreement between

4

parties and where the scope of an agreement to arbitrate is in doubt, California law like federal law establishes a presumption in favor of arbitrability. (*Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 763 (*Mendoza*).) Any doubt as to the scope of an arbitration agreement is resolved in favor of arbitration "in the absence of indication of contrary intent, and where the arbitration clause is reasonably susceptible of such an interpretation." (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323.)

We construe arbitration agreements like other contracts to give effect to the parties' intention, and the ordinary rules of contract interpretation apply; if the contractual language is clear and explicit it governs. (*Mendoza*, *supra*, 75 Cal.App.5th at p. 764.) The words used must be given their usual and ordinary meaning, the agreement must be interpreted as a whole, and the language must not be determined to be ambiguous in the abstract. (*Duran v. EmployBridge Holding Co.* (2023) 92 Cal.App.5th 59, 65.) Whether the contract is reasonably susceptible of a party's interpretation can be determined from the language of the contract itself or, if the contract's language is ambiguous, from extrinsic evidence of the parties' intent. (*Mondragon v. Sunrun Inc.* (2024) 101 Cal.App.5th 592, 612; *Duran*, at pp. 66, 68.)

A party seeking to compel arbitration bears the burden of proving by competent evidence the existence of a valid agreement to arbitrate. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.) Once that burden has been satisfied, the party opposing arbitration must demonstrate that an arbitration clause cannot be interpreted to require arbitration of the dispute. (*Coast Plaza Doctors Hosp. v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686–687 (*Coast Plaza*).) In other words, an order to arbitrate a particular grievance should not be denied unless the arbitration clause is clearly not susceptible of an interpretation that covers the asserted dispute. (*Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 414 (*Dryer*).)

## A. DEFENDANT IS A THIRD PARTY BENEFICIARY

Defendant argues that it has standing to compel arbitration because the lease's arbitration provision explicitly names it as a third party beneficiary. The third party beneficiary doctrine is an exception to the usual rule that only a party to an arbitration agreement may enforce it. (*Soltero v. Precise Distribution, Inc.* (2024) 102 Cal.App.5th 887, 898.) A third party beneficiary may enforce a contract because the contract is made expressly for his or her benefit. (*Matthau v. Superior Court* (2007) 151 Cal.App.4th 593, 602; see Civ. Code, § 1559 ["A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."].) When considering whether a nonsignatory is a third party beneficiary, we must carefully examine the contract's relevant express provisions, as well as all of the relevant circumstances under which the contract was agreed to, so as to determine not only: (1) whether the third party would in fact benefit from the contract, but also (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to enforce the arbitration clause is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. (*Goonewardene v. ADP, LLC* (2019) 6 Cal.5th 817, 829–830 (*Goonewardene*).) All three elements must be satisfied to permit the third party action to go forward. (*Id*. at p. 830.)

Based on the foregoing principles, we conclude that defendant has demonstrated that it is a third party beneficiary entitled to compel arbitration in this action. The arbitration provision states: "Either you or we may elect to have any dispute(s) resolved by binding arbitration according to this Arbitration Provision[,]" and explicitly grants defendant standing to compel arbitration by including it by name in the definition of "us" and "we." Defendant's inclusion in the definition of "us" and "we" also demonstrates that it would in fact benefit from the arbitration provision, and by expressly naming

6

defendant as an entity entitled to compel arbitration the parties demonstrated an intent to benefit defendant. (Cf. *Ochoa*, *supra*, 89 Cal.App.5th at p. 1339 [reasoning that if the signatories of that automobile lease agreement had intended to benefit the nonsignatory defendant car manufacturer, they could have simply named it—directly or by class as the vehicle's manufacturer—as a person entitled to compel arbitration].)

Finally, allowing defendant to enforce the arbitration provision would not be inconsistent "with the objectives of the contract and the reasonable expectations of the contracting parties" because the arbitration provision specifically names defendant as a third party that may enforce the provision and thus contemplated arbitration of statutory claims arising out of or relating to the lease, including the "condition of the Vehicle" and the "Vehicle's warranty(ies)." We observe that several recent federal district courts have reached the same conclusion in similar instances where a vehicle lease agreement's arbitration provision specifically names the manufacturer as a third party beneficiary. (See, e.g., *Brown v. Mercedes-Benz USA, LLC* (C.D. Cal., Aug. 13, 2025, No. 2:25-cv-02300-SVW-JC) 2025 WL 4231564, at *4 [collecting federal district court cases]; *Haynes v. EMC Mortgage Corp.* (2012) 205 Cal.App.4th 329, 334 ["federal decisions on questions of state law can be persuasive authority"].)

We are not persuaded otherwise by plaintiff's argument that under *Goonewardene's* third prong, his statutory warranty claims do not arise from or relate to the lease agreement and that permitting defendant to arbitrate his claims would not further the overall purpose of the lease. Plaintiff relies on *Ford Motor Warranty Cases* to argue his warranty and statutory claims do not arise from or relate to the lease agreement. He quotes language from that decision to broadly assert that " 'the substantive terms of sales contracts relate to sale and financing and nothing more.' " But we find *Ford Motor Warranty Cases* factually and legally distinguishable. The defendant manufacturer there was neither a party to nor specifically named in the sales contracts, which also did not mention the possibility of arbitrating warranty claims. (*Ford Motor Warranty Cases,*

7

*supra,* 17 Cal.5th at p. 1126.) The Supreme Court did not consider whether the defendant manufacturer was a third party beneficiary to those contracts, but only whether the plaintiffs should be equitably estopped from pursuing their remedies in court after the defendant argued that the warranty claims against it were intertwined with a provision in the sales contracts. (*Ibid*.) In short, the court's analysis concerned contracts that did not explicitly name the defendant manufacturer or the possibility of arbitrating warranty claims against that defendant. " 'It is axiomatic that cases are not authority for propositions not considered.' " (*Howard Jarvis Taxpayers Assn. v. Newsom* (2019) 39 Cal.App.5th 158, 169.)

We also reject plaintiff's argument that purchasers would not reasonably expect to arbitrate warranty issues with defendant. The arbitration provision explicitly names defendant in the definition of "us" and "we" and defines the term "dispute" to encompass "any current or future claim or controversy, whether in contract, tort, statute or otherwise, arising out of or related to the … purchase or condition of the Vehicle; [and] the Vehicle's warranty(ies)."

Finally, plaintiff concedes that interpreting the provision to require arbitration of warranty claims against defendant is at least "not an *impossible* reading." Once a party seeking to compel arbitration proves the existence of a valid agreement to arbitrate, the party opposing arbitration must demonstrate that an arbitration clause *cannot* be interpreted to require arbitration of the dispute. (*Coast Plaza, supra,* 83 Cal.App.4th at pp. 686–687.) In other words, arbitration of a particular grievance should not be denied unless the arbitration clause is simply not susceptible of an interpretation that would cover the asserted dispute. (*Dryer, supra,* 40 Cal.3d at p. 414.) Under that standard, plaintiff's concession that defendant's interpretation is at least plausible compels the conclusion that plaintiff's claims are arbitrable.

**B. THE TRIAL COURT MUST DETERMINE ON REMAND WHETHER THE DELEGATION CLAUSE IS UNCONSCIONABLE**

The arbitration provision's definition of "dispute" includes "the interpretation, enforceability and scope of this Arbitration Provision," which delegates those issues to arbitration. Plaintiff contends the arbitration provision and its delegation clause are both unconscionable and therefore unenforceable.[5] Defendant argues that the arbitration provision delegates the threshold issue of unconscionability to the arbitrator.

Parties "may delegate questions regarding the validity of an arbitration agreement (such as enforceability in the face of a challenge based on unconscionability) or aspects of an arbitration agreement (such as whether a particular claim is subject to the arbitration agreement) to the arbitrator if they clearly and unmistakably agree to do so." (*Garcia v. Stoneledge Furniture LLC* (2024) 102 Cal.App.5th 41, 50; *Rent-A-Center, W., Inc. v. Jackson* (2010) 561 U.S. 63, 68–69 ["[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."].) However, because plaintiff contends the delegation clause here is unconscionable, the trial court "must determine whether the delegation clause itself may be enforced (and can only delegate the general issue of enforceability to the arbitrator if it first determines the delegation clause is enforceable)." (*Malone v. Superior Court* (2014) 226 Cal.App.4th 1551, 1560; see also *Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 894–895 [determining whether delegation clause was unconscionable and reversing order that decided issues reserved for the arbitrator such as unconscionability and arbitrability]; and *Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 242, 250 [determining delegation clause not unconscionable

---

[5] Unconscionability refers to an absence of meaningful choice on the part of one of the parties (typically oppression or surprise arising from unequal bargaining power) together with substantive contract terms that unreasonably favor the other party. (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910; see also Civ. Code, § 1670.5, subd. (a) [codifying unconscionability as a reason for refusing a contract's enforcement].)

9

and that "it will be for the arbitrator to consider the conscionability of the agreement as a whole and its other severable provisions"].)

The trial court found it unnecessary to decide plaintiff's unconscionability challenge to the delegation clause after finding defendant was not a third party beneficiary with the right to compel arbitration. Having concluded that defendant is a third party beneficiary, we will remand the matter for the trial court to determine in the first instance whether the delegation clause is unconscionable. We express no opinion on that question.

## III. DISPOSITION

The January 7, 2025 order is reversed and the matter is remanded for the trial court to determine whether the arbitration provision's delegation clause is unconscionable. In the interest of justice, the parties shall bear their own appellate costs. (California Rules of Court, rule 8.278.)

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.



_____
Wilson, J.




H052938
_Srivastava v. BMW of North America, LLC_